UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JARED BOWERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 2790 ACL |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Jared Bowers for a writ of habeas

corpus under 28 U.S.C. § 2254.

**I.  Procedural History**

Bowers is currently incarcerated at the South Central Correctional Center in Licking,

Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County,

Missouri.  (Doc. 10-1 at p. 15.)   On March 30, 2015, Bowers pleaded guilty to second-degree

murder, two counts of first-degree assault, unlawful use of a weapon, and four counts of armed

criminal action.  *Id.* at 10.   The court sentenced Bowers to life imprisonment for murder, fifteen

years' imprisonment for each count of assault, ten years' imprisonment for unlawful use of a

weapon, and three years' imprisonment for each armed criminal action count, with all counts to

run concurrently.  *Id.* at 17-20.

On June 10, 2015, Bowers filed a *pro se* motion for post-conviction relief.  *Id.* at 25-30.

After the appointment of counsel, Bowers filed an amended motion and request for an

evidentiary hearing.  *Id.* at 39-47.   In his single claim, Bowers argued that he received

ineffective assistance of counsel when plea counsel agreed to join his case with the case of his

co-defendant brother, Jeremy, because this placed him at a strategic disadvantage, ultimately

convincing him that he had no choice but to plead guilty.  *Id.*  The motion court denied Bowers'

amended motion and his request for an evidentiary hearing.  *Id.* at 50-58.

In his appeal from the denial of post-conviction relief, Bowers raised the same ineffective

assistance of counsel claim.  (Doc. 10-2.)  On August 15, 2017, the Missouri Court of Appeals

affirmed the decision of the motion court.  (Doc. 10-5.)

Bowers filed the instant *pro se* Petition on November 27, 2017, in which he raises three

ineffective assistance of counsel claims.  (Doc. 1.)  In his first ground for relief, Bowers argues

that plea counsel was ineffective in that he consented to a joint trial with Jeremy, thereby using

the evidence against Jeremy to stop Bowers from proceeding to trial.  *Id.* at 5.  In his second

ground for relief, Bowers argues that plea counsel was ineffective because he did not talk to

witnesses.  *Id.* at 6.  In his third ground for relief, Bowers contends that plea counsel was

ineffective in that he told Bowers' parents he would lose at trial so that they would convince

Bowers to plead guilty.  *Id.* at 8.

Respondent filed a Response to Order to Show Cause, in which he argues that Bowers'

second ground for relief is procedurally defaulted, and all of his claims fail on their merits.

(Doc. 10.)

## II.  Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. §

2254(d), which provides:

(d)   An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000).   With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Id.* at 405.   Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case."  *Id.*   Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 410.   Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law."  *Id.* at 410.

### III.    Facts[1]

Petitioner Jared Bowers and his brother, Jeremy Bowers, were arrested in connection with a drive-by shooting that killed one person and injured two others, one a minor.   Witnesses identified Jeremy as the driver; other witnesses identified Petitioner as the passenger and shooter. Shell casings in the car (rented by Petitioner and Jeremy's grandmother) matched casings found at the crime scene.

Petitioner was charged with first-degree murder, two counts of first-degree assault,

---

[1]   The Court's recitation of the facts is taken from the decision of the Missouri Court of Appeals affirming the denial of post-conviction relief.   (Doc. 10-5 at p. 2-3.)

3

unlawful use of a weapon, and four related counts of armed criminal action.   Jeremy was also charged in the matter.   Petitioner retained private counsel to represent him.   On Petitioner's behalf, counsel consented to joinder of the brothers' cases for trial, but negotiated a plea agreement with the State to reduce the murder charge and certain sentences.   Petitioner subsequently pleaded guilty and confirmed to the plea court that he understood the charges and ranges of punishment, had sufficient opportunity to consult with counsel, and was in fact guilty of the charges and had not been coerced to plead guilty.

### IV.    Petitioner's Claims

#### 1.    Grounds One and Three

In his first ground for relief, Bowers argues that plea counsel was ineffective in that he consented to a joint trial with Jeremy, thereby using the evidence against Jeremy to stop Bowers from proceeding to trial.   (Doc. 1 at p. at 5.)   In his third ground for relief, Bowers contends that plea counsel told Bowers' parents he would lose at trial so that they would convince Bowers to plead guilty.   *Id.* at 8.

In the post-conviction proceedings, Bowers combined these two grounds for relief into a single claim.   As such, the Court will address these claims together.

In rejecting Bowers' claim, the motion court noted that even if counsel had not consented to joinder of Bowers' case with Jeremy's case, the court would have granted the State's request for joinder unless there was a specific showing why it should not have been granted.   (Doc. 10-1 at p. 55.)   The court stated that, because no such facts were present, there is no probability that the court would have denied the State's request.   *Id.*   The motion court further found that Petitioner's claim of family pressure was refuted by his testimony regarding the voluntary nature of his plea.   *Id.* at 56.

4

The Missouri Court of Appeals held as follows:

> The motion court's findings and conclusions are not clearly erroneous. The same judge presided over pre-trial matters, the plea hearing, and post-conviction proceedings and found no basis to sever even had counsel requested it—a determination 'within the sound discretion of the trial court.' *State v. Denzmore*, 436 S.W.3d 635, 639 (Mo. Pp. E.D. 2014). In *Denzmore*, we affirmed the trial court's denial of a motion to sever where different witnesses identified Denzmore and his co-defendant. Such was the case here. It is well-settled that counsel is not ineffective for failing to make a non-meritorious objection to admissible evidence. *Shelton v. State*, 440 S.W.3d 464 (Mo. App. E.D. 2014). Similarly here, as the motion court implied, we do not judge counsel ineffective for failing to make a non-meritorious objection to proper joinder.
> We have reviewed the plea and sentencing transcript. Despite Movant's complaints, the record confirms that Movant understood the State's evidence against him, understood his options whether to plead guilty or go to trial, and had ample opportunity to consult with counsel. The impact of incarceration on a defendant's family is undoubtedly a factor weighed heavily by most defendants in deciding whether to plead guilty or go to rial. The gravity of that factor does not, however, render a movant's plea "coerced" for purposes of post-conviction relief under Rule 24.035.

(Doc. 10-5 at p. 4-5.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). In the context of a guilty plea, a defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id*. "Where...a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (citation omitted).

To obtain relief based on ineffective assistance of trial counsel, a petitioner must establish (1) that trial counsel's performance fell below an objective standard of reasonableness and (2)

that this deficient performance prejudiced the Petitioner's defense.  *Strickland*, 466 U.S. at 687-88 (1984).   Petitioner must show that he would not have pled guilty, and would have insisted on going to trial, but for counsel's deficient performance.  *See Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001); *Wilcox v. Hopkins*, 249 F.3d 720, 722 (8th Cir. 2001); *Witherspoon v. Purkett*, 210 F.3d 901, 903 (8th Cir. 2000).   To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Id.*  The court must then make a determination of whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*  In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.   In determining whether sufficient prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury."  *Id.* at 695.   Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to law."  *Id.* at 694.

A court reviewing an ineffective assistance of counsel claim is not required to address both the prejudice and performance components of the *Strickland* inquiry if a petitioner makes an insufficient showing on one component.  *Id.* at 697.   "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the respondent

as a result of the alleged deficiencies."  *Id.*  "If it is easier to dispose of an ineffectiveness claim

on the ground of lack of sufficient prejudice...that course should be followed."  *Id.*

When, as here, an ineffective assistance claim has been addressed by the State court, this Court

must bear in mind that there is a "deferential standard of review."  *See Williams v. Roper*, 695

F.3d 825, 831 (8th Cir. 2012) (citation omitted).   It is not sufficient for a petitioner to "show that

he would have satisfied *Strickland*'s test if his claim were being analyzed in the first

instance."  *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).   "Rather, he must show that the [State

court] applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *Id*. at

699.

   At the plea hearing, after conferring with counsel on three separate occasions, Bowers

testified that he understood the charge and range of punishment, had sufficient opportunity to

consult with counsel, was not coerced to plead guilty, and was in fact guilty of the charges.

(Doc. 10-4 at pp. 23-25, 29-31.)   Upon questioning by the court, Bowers confirmed that counsel

had fully investigated the case, discussed possible defenses, and answered his questions.  *Id.* at

29-31.   At his sentencing one month later, Bowers stated that he did not think counsel had done

a good job and that he had tried to fire him.  *Id.* at 50.   Bowers testified that counsel

"threatened" him by telling him he had the choice of either taking the time or going to trial.  *Id.*

The court responded that counsel's advice was not a threat, but was an accurate assessment of

Bowers' choices at that time.  *Id.*   Bowers also complained that counsel spoke with his mother

"about a situation about the time they [were] trying to give me," even though Bowers asked him

not to.  *Id.* at 52.   Counsel responded that he had investigated the names of all witnesses he was

given, discussed these witnesses with Bowers, discussed with Bowers his rights regarding going

to trial, and discussed with Bowers the rights he would be giving up should he enter pleas of

7

guilty. *Id.* The court found that there was no probable cause to believe Bowers received ineffective assistance of counsel. *Id.*

Based on the record, the Court finds Bowers has failed to show the State court applied the *Strickland* test in an objectively unreasonable manner. With regard to Bowers' first ground for relief, the Missouri Court of Appeals held that counsel was not ineffective for consenting to joinder because joinder would have been granted even if counsel had not consented. The Court's finding was based on the fact that the same judge that presided over pre-trial matters, the plea hearing, and post-conviction proceedings stated that there was no basis to sever and if such a motion were filed it would have been denied. Counsel was not ineffective in failing to make a meritless objection. Thus, the Missouri Court of Appeals properly applied *Strickland* in finding Bowers' claim failed because he was unable to demonstrate prejudice resulting from counsel's consent to joinder of Bowers' case with Jeremy's case.

Regarding Bowers' third ground for relief, the Missouri Court of Appeals held that the record refuted Bowers' claim of a coerced plea resulting from counsel's communication with Bowers' mother. Bowers represented at the plea and sentencing hearings that he understood the evidence against him, understood his options to either plead guilty or go to trial, and had ample opportunity to consult with counsel. The Court acknowledged that the impact of incarceration on one's family is a factor weighed heavily by most defendants in determining whether to go to trial, but it does not render a plea coerced. The record establishes that Bowers made a knowing and voluntary decision to enter a guilty plea to the charge of second-degree assault and Bowers has failed to establish that he is entitled to relief under 28 U.S.C. § 2254.

Thus, Grounds One and Three are denied.

2.      **Ground Two**

In his second ground for relief, Bowers argues that counsel was ineffective because he did not "talk to witnesses."  (Doc 1 at p. 6.)   Respondent contends that this claim is both procedurally defaulted and meritless.

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules.  *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted).   A claim must be presented at each step of the judicial process in state court to avoid procedural default.  *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994).   If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Bowers failed to present the claim contained in Ground Two in the State post-conviction proceedings.   Bowers does not attempt to allege cause for his failure to raise his claim in State court.   Thus, Ground Two is procedurally defaulted.

Even if Ground Two were not procedurally defaulted, it fails on the merits.   Bowers alleges no facts to support his claim.   For example, he does not indicate which witnesses counsel did not investigate, whether counsel knew about these witnesses, whether the witnesses were available to testify at trial, or what their testimony would have been.   Further, the record refutes Bowers' claim.   Bowers testified at the plea hearing that he gave counsel the names of all

9

potential witnesses and that counsel fully investigated his case.   (Doc. 10-4 at p. 31.)   At the sentencing hearing, counsel stated that he investigated the names of all witnesses he was given and discussed these witnesses with Bowers.   (Doc. 10-4 at p. 52.)

Thus, Ground Two will be denied.

## V.      Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.   *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999).   A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserved further proceedings.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   In this case, Bowers has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of March, 2021.

10